Exhibit A

Stefano G. Formica, Esq (SBN 241958)
sformica@formicalawgroup.com
Kellian W. Summers, Esq. (SBN 306072)
ksummers@formicalawgroup.com
John H. Kalpakchian, Esq. (SBN 346371)
jkalpakchian@formicalawgroup.com
Nuccio Patti, Esq. (SBN 349480)
npatti@formicalawgroup.com
**FORMICA LAW GROUP**
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA  90036
Tel: (323) 272-3334
Fax: (323) 272-3926

Attorneys for Plaintiff,
GABRIELLE WORTMAN

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/24/2024 6:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| GABRIELLE WORTMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC; AMAZON.COM; HENKEL CORPORATION, a subsidiary of HENKEL AG & CO. KGaA; DOE SELLER; DOE DISTRIBUTOR; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.  24STCV13230<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) STRICT PRODUCTS LIABILITY**<br><br>**(2) FAILURE TO WARN**<br><br>**(3) BREACH OF EXPRESS WARRANTIES**<br><br>**(4) BREACH OF IMPLIED WARRANTIES**<br><br>**(5) NEGLIGENT PRODUCTS LIABILITY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:<br>Trial Date: |

COMES NOW Plaintiff, GABRIELLE WORTMAN ("WORTMAN"), for causes of action against Defendants, and each of them, and complains and alleges as follows:

1

COMPLAINT FOR DAMAGES

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this action pursuant to CALIFORNIA CODE OF CIVIL PROCEDURE § 410.10.  The action is brought pursuant to CALIFORNIA CODE OF CIVIL PROCEDURE § 382 and CALIFORNIA CIVIL CODE § 1781 et seq.

2.     Venue is proper in this Court pursuant to CALIFORNIA CODE OF CIVIL PROCEDURE § 395 and § 395.5 because the injuries to plaintiff alleged herein occurred in the City of Los Angeles, County of Los Angeles.

**PARTIES**

1.     Plaintiff GABRIELLE WORTMAN at all times mentioned herein, GABRIELLE WORTMAN is and was a resident of the city of Los Angeles in the County of Los Angeles, California.

2.     At all times material herein, Defendant HENKEL CORPORATION, a subsidiary of HENKEL AG & CO. KGaA. (hereinafter "HENKEL"), was a Delaware corporation doing business in the State of California; and further said Defendant held itself out as a company experienced and capable in the design, manufacture, fabrication, and assembly of COMBAT MAX 12 MONTH ROACH KILLING BAIT which is marketed for use in the home by consumers in California and throughout the world.

3.     HENKEL employs approximately 8,000 people in North America. It has eight main locations, two of which are in California. The company splits its entire portfolio into two main categories: Consumer Brands and Adhesive Technologies. COMBAT MAX 12 MONTH ROACH KILLING BAIT falls within the first category, Consumer Brands. In 2022, the company reported its Consumer Brands sector made up about 49% of the company's sales. According to the company's website, its Culver City, CA office, located at 5800 Bristol Parkway, Culver City, CA  90230, is one of its main locations for its Consumer Brands sector. Furthermore, in its corporate filings with the California Secretary of State, the company lists its Irvine, CA office located at 14000 Jamboree Road, Irvine, CA 92606, as its California corporate office.

4.     At all times material hereto, Defendant AMAZON.COM SERVICES LLC (hereinafter "AMAZON"), was a Washington corporation doing business in California which owns

and operates a retail distribution and fulfillment company known as AMAZON, including shipping and fulfillment centers at 5750 Mesmer Avenue, Culver City, CA 90230.

5.      AMAZON.COM (hereinafter "AMAZON.COM") is a Washington corporation doing business in California. AMAZON.COM took part in the distribution, sale and marketing of COMBAT MAX 12 MONTH ROACH KILLING BAIT.

6.      DOE SELLER. (hereinafter "SELLER") is a corporation with its principal place of business in Los Angeles, California and was formed in the State of California. SELLER took part in the distribution, sale and marketing of COMBAT MAX 12 MONTH ROACH KILLING BAIT.

7.      DOE DISTRIBUTOR. (hereinafter "DISTRIBUTOR") is a corporation with its principal place of business in Los Angeles, California and was formed in the State of California. DISTRIBUTOR took part in the distribution, sale and marketing of COMBAT MAX 12 MONTH ROACH KILLING BAIT.

8.      Defendant DOES 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities pursuant to California Code of Civil Procedure § 474.  Plaintiff is informed and believes and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff' damages were proximately caused by those defendants.  Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants similarly sued under fictitious DOE names.

9.      Plaintiff is informed and believes, and thereon allege, that at all times material hereto and mentioned herein, each defendant sued herein (both named and DOE defendants) was the agent, servant, employer, joint venturer, contractor, contractee, partner, division owner, subsidiary, division, alias, and/or alter ego of each of the remaining defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, contract, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each remaining defendant sued herein.

///

COMPLAINT FOR DAMAGES

**GENERAL ALLEGATIONS**

10.    At all times mentioned herein, Defendants HENKEL, AMAZON, AMAZON.COM, SELLER, DISTRIBUTOR, and DOES 1-100, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling of the COMBAT MAX 12 MONTH ROACH KILLING BAIT, and its component parts and constituents, for resale to and use by members of the general public.

11.    Further, the Defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling the COMBAT MAX 12 MONTH ROACH KILLING BAIT. and their component parts and constituents, for resale to and use by members of the general public.

12.    Defendant HENKEL and its officers, directors, employees, and/or agents intended and planned that the COMBAT MAX 12 MONTH ROACH KILLING BAIT be marketed and sold for home use by consumers. Further, said officers, directors, employees and/or agents were informed, knew, considered, anticipated and foresaw that consumers would use the COMBAT MAX 12 MONTH ROACH KILLING BAIT as intended in and around homes.

13.    Defendants AMAZON.COM, SELLER, and DISTRIBUTOR and their officers, directors, employees, and/or agents, intended and planned that COMBAT MAX 12 MONTH ROACH KILLING BAIT. be marketed and sold for home use by consumers. Further, said officers, directors, employees and/or agents were informed, knew, considered, anticipated and foresaw that that consumers would use the COMBAT MAX 12 MONTH ROACH KILLING BAIT as intended in and around homes.

14.    Defendant AMAZON and its officers, directors, employees, and/or agents were informed, knew, considered, anticipated and foresaw that COMBAT MAX 12 MONTH ROACH KILLING BAIT. be marketed and sold for home use by consumers. Further, said officers, directors,

employees and/or agents were informed, knew, considered, anticipated and foresaw that children would be present in and around homes and home offices and further knew and intended that COMBAT MAX 12 MONTH ROACH KILLING BAIT would be used as intended in and around homes.

15. Plaintiff is informed and believes that COMBAT MAX 12 MONTH ROACH KILLING BAIT is and at all relevant times was substantially similar in their design and construction, including but not limited to the design and construction of their respective chemicals and packaging.

16. Defendant HENKEL, through its officers, directors, employees and/or agents, was informed that methods of testing Defendant COMBAT MAX 12 MONTH ROACH KILLING BAIT was insufficient to capture the hazard presented to consumers.

17. Further Plaintiff is informed and believes that Defendant HENKEL, by and through its officers, directors, employees and/or agents knew that the COMBAT MAX 12 MONTH ROACH KILLING BAIT was defective and dangerous in that, among other things, the product could cause severe eye trauma even after a consumer had washed their hands after coming in contact with the product and that as designed the product did not protect consumers from harmful contact with its chemicals.

18. Plaintiff is informed and believes that Defendants AMAZON.COM, SELLER, DISTRIBUTOR, and AMAZON knew or should have known of the safety risks presented by COMBAT MAX 12 MONTH ROACH KILLING BAIT as a result of, among other things, conversations and consultations with Defendant HENKEL about the injuries to consumers and the design and construction of this product. Further, Plaintiff is informed and believes that the Defendants HENKEL, AMAZON.COM, SELLER, DISTRIBUTOR, and AMAZON were informed and had knowledge of complaints, claims and lawsuits filed by consumers between October of 2012 and December of 2022 for serious injuries to consumers including eye trauma.

19. Despite their knowledge of the risks and hazards presented to consumers by the design of the COMBAT MAX 12 MONTH ROACH KILLING BAIT, Defendants HENKEL, AMAZON.COM, SELLER, DISTRIBUTOR, and AMAZON failed to take any action to eliminate

the same hazards identified and known to them to cause serious injury to consumers in the COMBAT MAX 12 MONTH ROACH KILLING BAIT which was specifically designed, constructed, marketed and sold by Defendants HENKEL, AMAZON.COM, SELLER, DISTRIBUTOR, and AMAZON for use in homes. Further, Defendants HENKEL, AMAZON.COM, SELLER, DISTRIBUTOR, and AMAZON failed to provide any warnings whatsoever on COMBAT MAX 12 MONTH ROACH KILLING BAIT to the effect that consumers could suffer eye and skin trauma even after washing their hands after contact with the product and its packaging and chemicals.

20.    On or about October 7, 2022, Plaintiff WORTMAN purchased a COMBAT MAX 12 MONTH ROACH KILLING BAIT (hereinafter the "PRODUCT") through Defendants HENKEL, AMAZON, AMAZON.COM, SELLER, and DISTRIBUTOR. Plaintiff WORTMAN specifically chose the PRODUCT because it was advertised and marketed for home use.

21.    The PRODUCT was defective in its design and/or manufacture, was dangerous and failed to carry sufficient warnings.

22.    On or about October 7, 2022, Plaintiff WORTMAN was using the PRODUCT in her home in a foreseeable manner.

23.    WORTMAN opened the product and placed it in her home. WORTMAN, as a precaution did wash her hands. Later that evening WORTMAN removed her contact lenses, she experienced immediate burning to her right eye and per the instructions on the box, rinsed her eye with water. The next day the right eye had worsened forcing her to seek medical care.

24.    The direct and proximate cause of the injury to the Plaintiff was the flawed design and/or manufacture of the PRODUCT, including but are not limited to the following:

- The PRODUCT was unreasonably, dangerously, defectively designed in that there was inadequate guarding to prevent contact with chemicals. The housing around the PRODUCT was of inadequate strength and protection, which permitted a consumer to come in contact with harmful chemicals. This made the PRODUCT unreasonably, dangerously, defectively designed for the PRODUCT'S intended and foreseeable uses.

6

COMPLAINT FOR DAMAGES

- The PRODUCT in question was unreasonably, dangerously, defectively designed in that the use of chemicals presented a hazard to consumers in that it would cause trauma when they came in contact with a consumer's hands and eyes. This made the PRODUCT unreasonably, dangerously, defectively designed for the PRODUCT'S intended reasonable foreseeable uses.

- The PRODUCT in question was unreasonably, dangerously, defectively designed in that there were lesser caustic chemicals that could have been used which Defendants knew and should have known presented no danger to a consumer. This made the PRODUCT unreasonably, dangerously, defectively designed for the PRODUCT'S intended and foreseeable uses,

- The PRODUCT in question was unreasonably, dangerously, defectively designed in that it did not contain adequate warnings;

25. Plaintiff GABRIELLE WORTMAN was severely injured and has suffered and will continue to suffer pain, suffering, disfigurement, embarrassment, inconvenience and associated mental anguish. GABRIELLE WORTMAN has incurred and will continue to incur medical expenses. Further, GABRIELLE WORTMAN has been damaged in her lost earning capacity due to her injuries.

26. Plaintiff WORTMAN has suffered and will continue to suffer mental anguish and emotional distress associated with her injuries.

## FIRST CAUSE OF ACTION

### Strict Products Liability: Defective Design and/or Manufacture

### (Against All Defendants)

27. Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 26 of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

28. At all times mentioned herein, Defendants HENKEL AMAZON, AMAZON.COM SELLER, DISTRIBUTOR, and DOES 1-100, inclusive, and each of them, designed, manufactured, assembled, tested, inspected, maintained, distributed, marketed, promoted, advertised, and/or sold

7

COMPLAINT FOR DAMAGES

the PRODUCT and its component parts and constituents, for resale and use by members of the general public.

29.    At all times mentioned herein, including October 7, 2022, Plaintiff used the PRODUCT in a foreseeable manner.

30.    Defendants, and each of them, knew that members of the general public would use the PRODUCT without being able to inspect it or become aware of its defective nature.  Prior to October 7, 2022, Plaintiff had no reason to suspect or know that the PRODUCT was defective and unsafe for use.

31.    The PRODUCT was defective at the time of manufacture, design, production, distribution, testing, inspection, sale, endorsement, promotion and/or advertisement. The PRODUCT was defective and unsafe for its intended use.

32.    As a direct and proximate result of the herein-described acts and/or omissions of the Defendants, and each of them, Plaintiff GABRIELLE WORTMAN was severely injured, and suffered emotional injury, Plaintiff suffered and continue to suffer great mental anguish as a result and have been generally damaged in a sum in excess of the jurisdictional limits of this Court.

33.    Prior to the sale of the PRODUCT to Plaintiff and/or the use of the PRODUCT by Plaintiff on October 07, 2022, Defendants, and each of them, knew that the PRODUCT was in a defective and dangerous condition and that because of the defects, the PRODUCT could not be used safely for the purposes for which it was intended.  More specifically, Defendants, and each of them, had notice of other similar injuries to other persons under similar circumstances.  Defendants had received multiple complaints and claims for such injuries prior to those of Plaintiff.  Defendants also knew that continued sale and use of the PRODUCT would result in further injuries to persons such as Plaintiff.

34.    Despite their knowledge that PRODUCT was defective and dangerous, Defendants, and each of them, acted with willful and conscious disregard for public safety by designing, manufacturing, assembling, distributing, marketing, testing, inspecting, repairing, maintaining, servicing, promoting, advertising, and/or selling PRODUCT.

///

8
COMPLAINT FOR DAMAGES

35. Through their officers, directors, employees, and agents, the defendants, and each of them, had notice and knowledge from several sources, before the date of sale, distribution, and/or use of the PRODUCT in September 2005, that the PRODUCT presented a foreseeable risk of increased harm to the public, including purchasers and users of the PRODUCT including Plaintiff, and as such, persons such as Plaintiff were subjected to the said defective PRODUCT were unreasonably subjected to risk of harm and injury. More specifically, Defendants, and each of them, had notice of other similar injuries to similar persons under similar circumstances. Defendants also knew that continued sale and use of the PRODUCT would result in additional and further injuries to persons such as Plaintiff.

36. Defendants, and each of them, acted willfully, wantonly, and recklessly, with oppression, fraud, and malice, and with conscious disregard of the rights and safety of others as described herein above. Consequently, Plaintiff requests that the trier of fact, in the exercise of its sound discretion, award Plaintiff exemplary damages, to punish the Defendants, and each of them, for their despicable conduct. Plaintiff contends that such damages should be reasonably related to Plaintiff's actual damages and Defendants' wealth, but sufficiently large enough to serve as an example to others and to deter the defendants and others from engaging in similar misconduct in the future.

## SECOND CAUSE OF ACTION

### Strict Products Liability: Failure to Warn

### (Against All Defendants)

37. Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 36 of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

38. At all times mentioned herein, Defendants HENKEL, AMAZON, AMAZON.COM, SELLER, DISTRIBUTOR, and DOES 1-100, inclusive, and each of them, designed, manufactured, distributed, marketed, promoted, advertised, sold, supplied, tested and/or inspected the PRODUCT described herein above, for the purpose of placing them in the stream of commerce.

///

9

COMPLAINT FOR DAMAGES

39. The PRODUCT manufactured, distributed, marketed, promoted, advertised, sold and/or inspected by Defendants, and each of them, was unaccompanied by proper warnings regarding all possible adverse side effects associated with the use of the PRODUCT. The warnings given did not accurately reflect the risk of malfunction, injury, and other risks of the PRODUCT.

40. The PRODUCT was defective due to inadequate post-marketing warning or instruction because, after the manufacturers knew or should have known of the risk of injury to users of the PRODUCT, Defendants failed to provide adequate warnings to users and persons subjected to the PRODUCT and continued to manufacture, assemble, distribute, promote, and sell the PRODUCT.

41. As a result of the failure to warn, Plaintiff suffered injuries and damages as alleged herein above.

42. Prior to the manufacturing, assembly, distribution, sale and/or use of said PRODUCT, Defendants, and each of them, knew the said PRODUCT was in a defective condition as previously described, and knew that the defects in the PRODUCT would cause serious injuries and/or death in users. Further, Defendants, and each of them, through their officers, directors and managing agents, had prior notice and knowledge from several sources, prior to the date of the sale or distribution of said PRODUCT and use by Plaintiff, that the PRODUCT presented a foreseeable risk of increased harm to the users, including Plaintiff, and as such, users subjected to said defective PRODUCT were unreasonably subjected to risk of injury or harm.  More specifically, Defendants, and each of them, had notice of other similar injuries to similar persons under similar circumstances. Defendants had received multiple complaints and claims for such injuries prior to the Plaintiff' purchase of the PRODUCT and Plaintiff' injuries through use of the PRODUCT. Defendants also knew that continued sale and use of the PRODUCT without adequate warnings would result in further injuries to persons such as Plaintiff.

43. Defendants, and each of them, acted willfully, wantonly, with oppression, fraud, and/or malice, and with a conscious disregard of the rights and safety of others, as described herein above, such that Plaintiff request that the trier of fact, in the exercise of its sound discretion, award Plaintiff additional damages for the sake of example and sufficient to punish said Defendants, and

each of them, for their despicable conduct, in an amount reasonably related to Plaintiff' actual damages and defendants' wealth, yet sufficiently large enough to be an example to others and to deter these defendants and others from engaging in similar conduct in the future.

## THIRD CAUSE OF ACTION

### Breach of Express Warranties

### (Against All Defendants)

44.     Plaintiff refers to, repeats and reallege each of the allegations in Paragraphs 1 through 43 of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

45.     At all times mentioned herein, Defendants HENKEL, AMAZON, AMAZON.COM, SELLER, DISTRIBUTOR, and DOES 1-100, inclusive, and each of them, expressly warranted to Plaintiff and the general public, that the PRODUCT was safe, effective, fit and proper for its intended use.

46.     Plaintiff, in purchasing and using the PRODUCT, relied on the skill, judgment, representations and foregoing express warranties of the Defendants, and each of them.  Said warranties and representatives were false in that the aforementioned PRODUCT was not safe and was unfit for the uses for which it was intended.

47.     As a result of the foregoing breach of express warranties by defendants, and each of them, Plaintiff suffered injuries and damages as alleged herein above.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranties

### (Against All Defendants)

48.     Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 47 of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

49.     Prior to the time that the PRODUCT was used by Plaintiff, the Defendants, and each of them, implied warranties to Plaintiff and the general public that said PRODUCT was of merchantable quality and safe and fit for the use for which it was intended.

11
COMPLAINT FOR DAMAGES

50.     Plaintiff is unskilled in the research, design and manufacture of the aforementioned PRODUCT and reasonably relied entirely on the skill, judgment and implied warranty of the Defendants in using the aforementioned PRODUCT.

51.     The PRODUCT was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

52.     As a result of the aforementioned breach of implied warranties by the Defendants and each of them, Plaintiff suffered injuries and damages as alleged herein above.

## FIFTH CAUSE OF ACTION

### Negligent Products Liability

### (Against All Defendants)

53.     Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 52 of this Complaint and incorporates said allegations into this cause of action as though fully set forth herein.

54.     At all times mentioned herein, Defendants HENKEL, AMAZON, AMAZON.COM, SELLER, DISTRIBUTOR, and DOES 1-100, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling the PRODUCT and its component parts and constituents, for resale to and use by members of the general public.

55.     At all times herein mentioned, the Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the PRODUCT was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, fabricated, constructed, analyzed, distributed, serviced, merchandized, recommended, advertised, promoted, marketed and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

56.     The Defendants, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, fabricated,

constructed, analyzed, distributed, serviced, merchandized, recommended, advertised, promoted, marketed and sold the PRODUCT and its component parts such that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended by Defendants.

57.    The defective and dangerous character and condition of the PRODUCT, and the fact that it was unsafe for the use and purpose for which it was intended when used as recommended by Defendants, was known to Defendants, or in the exercise of ordinary and reasonable care should have been known and discovered by Defendants. The dangerous and defective character and condition of the PRODUCT was not made known to Plaintiff by defendants.

58.    On or about October 7, 2022, Plaintiff used, was subjected to and relied on the PRODUCT for the purpose for which it was intended. As a proximate result of the negligence and carelessness of Defendants, and each of them, the PRODUCT malfunctioned and/or caused injuries to Plaintiff.

59.    As a direct and proximate result of the negligence and carelessness of the Defendants, and each of them, Plaintiff were injured. Plaintiff has been injured, damaged, suffered and continue to suffer great mental anguish, and have been generally damaged in a sum in excess of the jurisdictional limits of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants and DOES 1 through 100, inclusive, as follows:

(1)    For general damages in an amount according to proof at trial;

(2)    For special damages in an amount according to proof at trial;

(3)    For damages for other economic losses in an amount according to proof at trial;

(4)    For punitive and exemplary damages according to proof at trial;

(5)    For prejudgment and post-judgment interest, as determined and accrued according to applicable statutes;

(6)    For costs of bringing this suit; and

///

13

COMPLAINT FOR DAMAGES

(7)    For such other relief that the Court may deem just and proper.

Dated: May 24, 2024                          Respectfully submitted,

_____
STEFANO G. FORMICA, ESQ.
KELLIAN W. SUMMERS, ESQ.
JOHN H. KALPAKCHIAN, ESQ.
NUCCIO PATTI, ESQ.
Attorneys for Plaintiff,
GABRIELLE WORTMAN

14
COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all causes of action.

Dated: May 24, 2024

Respectfully submitted,

STEFANO G. FORMICA, ESQ.
KELLIAN W. SUMMERS, ESQ.
JOHN H. KALPAKCHIAN, ESQ.
NUCCIO PATTI, ESQ.
Attorneys for Plaintiff,
GABRIELLE WORTMAN

15
COMPLAINT FOR DAMAGES

# Exhibit B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEFANO G. FORMICA, ESQ. (241958); JOHN H. KALPAKCHIAN, ESQ. (346371) FORMICA LAW GROUP  5900 Wilshire Blvd., Suite 2250, Los Angeles, CA 90036 | |

TELEPHONE NO.: (323) 272-3334          FAX NO. *(Optional)*:
E-MAIL ADDRESS: sformica@formicalawgroup.com jkalpakchian@formicalawgroup.com
ATTORNEY FOR *(Name)*: PLAINTIFF, GABRIELLE WORTMAN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

**Electronically FILED by Superior Court of California, County of Los Angeles 5/24/2024 6:00 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Ruiz, Deputy Clerk**

CASE NAME:
WORTMAN v. AMAZON.COM SERVICES LLC, ET AL.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24STCV13230  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* FIVE
5.  This case [ ] is  [x] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/24/2024
JOHN H. KALPAKCHIAN, ESQ.
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]                **CIVIL CASE COVER SHEET**                Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| WORTMAN v. AMAZON.COM SERVICES LLC, ET AL. | 24STCV13230 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| WORTMAN v. AMAZON.COM SERVICES LLC, ET AL. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☑ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| WORTMAN v. AMAZON.COM SERVICES LLC, ET AL. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| WORTMAN v. AMAZON.COM SERVICES LLC, ET AL. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| WORTMAN v. AMAZON.COM SERVICES LLC, ET AL. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>On or about 640 Parkman Avenue<br>Los Angeles, CA 90026 |
|---|---|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90026 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __05/24/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Exhibit C



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   ### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   ### Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 03/23
For Mandatory Use

Page 1 of 2

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Exhibit D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/24/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV13230 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Jill  Feeney | 78 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record         David W. Slayton, Executive Officer / Clerk of Court

on 05/28/2024_____                    By S. Ruiz_____, Deputy Clerk
        (Date)

LACIV 190 (Rev 6/18)              **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Exhibit E

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
GABRIELLE WORTMAN

DEFENDANT:
AMAZON.COM SERVICES LLC, et al.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/29/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ N. DiGiambattista _____ Deputy

CASE NUMBER:
24STCV13230

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 09/26/2024      Time: 8:30 AM      Dept.: 78

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 05/29/2024

_Jill Feeney_
Judicial Officer

---

**CERTIFICATE OF SERVICE** Jill Feeney / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Stefano G Formica
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA 90036

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/29/2024

By N. DiGiambattista _____
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/29/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ N. DiGiambattista _____ Deputy |
| PLAINTIFF/PETITIONER:<br>GABRIELLE WORTMAN | |
| DEFENDANT/RESPONDENT:<br>AMAZON.COM SERVICES LLC, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV13230 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Stefano G Formica
FORMICA LAW GROUP
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA 90036

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/29/2024                    By: _N. DiGiambattista_____
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit F

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

GABRIELLE WORTMAN

DEFENDANT(S):

AMAZON.COM SERVICES LLC, et al.

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>24STCV13230 |
| --- | --- |

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**05/29/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ N. DiGiambattista _____ Deputy

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on 09/26/2024 at 8:30 AM in department 78 of this court, Stanley Mosk Courthouse _____,
and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated:  05/29/2024

_Jill Feeney_

Jill Feeney / Judge
_____
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/29/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____N. DiGiambattista_____ Deputy |
| PLAINTIFF/PETITIONER:<br>GABRIELLE WORTMAN | |
| DEFENDANT/RESPONDENT:<br>AMAZON.COM SERVICES LLC, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV13230 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Stefano G Formica
FORMICA LAW GROUP
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA 90036

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/29/2024

By: N. DiGiambattista
Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit G

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES LLC; AMAZON.COM;
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GABRIELLE WORTMAN, an individual

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |
| **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/29/2024 4:01 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Kim, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* **24STCV13230** |
|---|---|

Los Angeles County Superior Court, Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOHN H. KALPAKCHIAN, ESQ. 5900 Wilshire Blvd., Suite 2250, Los Angeles, CA, 90036 (323) 272-3334

| DATE:<br>*(Fecha)* 05/29/2024 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>*(Secretario)* D. Kim | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Henkel Corporation, a subsidiary of Henkel AG & Co. KGaA

under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

SUM-200(A)

| SHORT TITLE:<br>WORTMAN v. AMAZON.COM SERVICES LLC, ET AL. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

HENKEL CORPORATION, a subsidiary of HENKEL AG & CO. KGaA; DOE SELLER; DOE DISTRIBUTOR; and DOES 1 to 100, inclusive,

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit H

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Stefano G. Formica | SBN: 241958<br>FORMICA LAW GROUP<br>5900 Wilshire Blvd Ste 2250   Los Angeles, CA 90036<br><br>TELEPHONE NO.: (323) 272-3334 | FAX NO. (323) 272-3926 | E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff: Gabrielle Wortman | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/20/2024 2:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Kim, Deputy Clerk** |

**Los Angeles County Superior Court**

STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse - Central

| PLAINTIFF: Gabrielle Wortman | CASE NUMBER: |
|---|---|
| DEFENDANT: Amazon.com Services LLC; et al. | 24STCV13230 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>WORTMAN |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Asignment; Notice of Case Management Conference; Certificate of Mailing**

3. a. Party served *(specify name of party as shown on documents served):*
   **Henkel Corporation, a subsidiary of Henkel AG & Co. KGaA**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Rebecca Vang - CSC Authorized Agent**

   | Age: 28yrs | Weight: 135lbs | Hair: Black | Sex: Female |
   |---|---|---|---|
   | Height: 5'4 | Eyes: - | Race: Asian | |

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/18/2024**   (2) at *(time):* **1:43 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>**POS010-1/538691A** |
|---|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                                  (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Henkel Corporation, a subsidiary of Henkel AG & Co. KGaA**

under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**

a. Name: **Katrina Williams - DDS Legal Support**

b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**

c. Telephone number: **(714) 662-5555**

d. **The fee** for service was: **$ 183.65**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner    ☐ employee    ☑ independent contractor.

(ii) Registration No.: **2015-10**

(iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/19/2024**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

**Katrina Williams**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

POS-010 [Rev January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

**POS-010/538691A**

# Exhibit I

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Stefano G. Formica \| SBN: 241958<br>FORMICA LAW GROUP<br>5900 Wilshire Blvd Ste 2250   Los Angeles, CA 90036<br><br>TELEPHONE NO.: (323) 272-3334 \| FAX NO. (323) 272-3926 \|E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff: Gabrielle Wortman | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/20/2024 2:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Kim, Deputy Clerk** |

**Los Angeles County Superior Court**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse - Central

| | |
|---|---|
| PLAINTIFF:  Gabrielle Wortman | CASE NUMBER: |
| DEFENDANT:  Amazon.com Services LLC; et al. | 24STCV13230 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>WORTMAN |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents):* **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Asignment; Notice of Case Management Conference; Certificate of Mailing**
3. a. Party served *(specify name of party as shown on documents served):*
   **Amazon.com**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Rebecca Vang - CSC Authorized Agent**

   | | | | |
   |---|---|---|---|
   | **Age: 28yrs** | **Weight: 135lbs** | **Hair: Black** | **Sex: Female** |
   | **Height: 5'4** | **Eyes: -** | **Race: Asian** | |

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N<br>Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   - a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/18/2024**   (2) at *(time):* **1:43 PM**
   - b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*     **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>**POS010-1/538691D** |
|---|---|---|

| | |
|---|---|
| PETITIONER: **Gabrielle Wortman** | CASE NUMBER: |
| RESPONDENT: **Amazon.com Services LLC; et al.** | **24STCV13230** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                    (2) from  *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Amazon.com**

under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)           ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                 ☐ 415.46 (occupant)
                                         ☐ other:

7. **Person who served papers**

a. Name: **Katrina Williams - DDS Legal Support**

b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**

c. Telephone number: **(714) 662-5555**

d. **The fee** for service was: **$ 75.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:
    (i) ☐ owner        ☐ employee      ☑ independent contractor.
    (ii) Registration No.: **2015-10**
    (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/19/2024**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

**Katrina Williams**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

POS-010 [Rev January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    Page 2 of 2

**POS-010/538691D**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Stefano G. Formica | SBN: 241958 <br> FORMICA LAW GROUP <br> 5900 Wilshire Blvd Ste 2250   Los Angeles, CA 90036 <br><br> TELEPHONE NO.: (323) 272-3334 | FAX NO. (323) 272-3926 | E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* Plaintiff: Gabrielle Wortman | **Electronically FILED by <br> Superior Court of California, <br> County of Los Angeles <br> 6/20/2024 2:57 PM <br> David W. Slayton, <br> Executive Officer/Clerk of Court, <br> By D. Kim, Deputy Clerk** |

| **Los Angeles County Superior Court** |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk Courthouse - Central |

| PLAINTIFF: Gabrielle Wortman | CASE NUMBER: |
|---|---|
| DEFENDANT: Amazon.com Services LLC; et al. | 24STCV13230 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> WORTMAN |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents):* **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Notice of Case Management Conference; Certificate of Mailing**

3. a. Party served *(specify name of party as shown on documents served):*

   **Amazon.com Services LLC**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **Rebecca Vang - CSC Authorized Agent**

   | Age: 28yrs | Weight: 135lbs | Hair: Black | Sex: Female |
   |---|---|---|---|
   | Height: 5'4 | Eyes: - | Race: Asian | |

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N <br> Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/18/2024**   (2) at *(time):* **1:43 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 <br> POS010-1/538691C |
|---|---|---|

PETITIONER: Gabrielle Wortman

RESPONDENT: Amazon.com Services LLC; et al.

CASE NUMBER: 24STCV13230

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                    (2) from  *(city):*

(3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐  as an individual defendant.

b. ☐  as the person sued under the fictitious name of  *(specify):*

c. ☐  as occupant.

d. ☑  On behalf of  *(specify):*  **Amazon.com Services LLC**
under the following Code of Civil Procedure section:

☑  416.10 (corporation)                ☐  415.95 (business organization, form unknown)
☐  416.20 (defunct corporation)        ☐  416.60 (minor)
☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
☐  416.40 (association or partnership)  ☐  416.90 (authorized person)
☐  416.50 (public entity)              ☐  415.46 (occupant)
                                        ☐  other:

7. **Person who served papers**

a. Name:  **Katrina Williams - DDS Legal Support**

b. Address:  **2900 Bristol Street  Costa Mesa, CA 92626**

c. Telephone number:  **(714) 662-5555**

d. **The fee** for service was: **$ 75.00**

e. I am:

(1) ☐  not a registered California process server.

(2) ☐  exempt from registration under Business and Professions Code section 22350(b).

(3) ☑  registered California process server:
  (i) ☐  owner      ☐  employee      ☑  independent contractor.
  (ii) Registration No.: **2015-10**
  (iii) County:  **Sacramento**

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  **6/19/2024**

**DDS Legal Support**
**2900 Bristol Street**
**Costa Mesa, CA 92626**
**(714) 662-5555**
**www.ddslegal.com**

_____
**Katrina Williams**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

POS-010 [Rev January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    Page 2 of 2
                                                                                  **POS-010/538691C**

Exhibit J

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS: Stanley Mosk Courthouse
111 North Hill Street Los Angeles, CA 90012

PLAINTIFF(S): GABRIELLE WORTMAN

DEFENDANT(S): AMAZON.COM SERVICES LLC, et al.

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain)**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
06/25/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ C. Randle _____ Deputy

CASE NUMBER:
24STCV13230

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD:

You are notified that effective 07/05/2024, an order was made that the above entitled action, previously assigned to Judge Jill Feeney is now and shall be assigned to Judge Michelle C. Kim, as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department 78 at Stanley Mosk Courthouse (See Chapter 3, Los Angeles Court Rules). All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/25/2024

By C. Randle _____
Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE**
**(Dates Remain)**

LASC CIV 304 NEW 05/24
For Optional Use

Exhibit K

PERKINS COIE LLP

Steven K. Hwang, Bar No. 216852
SKHwang@perkinscoie.com
Daniella M. Gutierrez, Bar No. 329289
DaniellaGutierrez@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone:    +1.310.788.9900
Facsimile:    +1.310.788.3399

Attorneys for Defendants
Amazon.com Services LLC and Amazon.com, Inc.

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/16/2024 8:46 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| GABRIELLE WORTMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC; AMAZON.COM; HENKEL CORPORATION, a subsidiary of HENKEL AG & CO. KGaA; DOE SELLER; DOE DISTRIBUTOR; DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 24STCV13230<br><br>**DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Dept:          78<br><br>Action Filed:  May 24, 2024 |

Defendants Amazon.com Services LLC and Amazon.com, Inc. (collectively, "Amazon")

hereby answers Plaintiff's ("Plaintiff'") Complaint as follows:

### **GENERAL DENIAL**

Under California Code of Civil Procedure section 431.30(d), Amazon denies generally

each and every allegation of the Complaint, and the whole thereof, including each and every

purported cause of action set forth therein, and specifically denies that Plaintiff has sustained

injury or damage and that Plaintiff is entitled to any relief as a result of any act, conduct, or

omission on the part of Amazon.

//

-1-                                Case No. 24STCV13230
AMAZON'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEPARATE AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Amazon bears any burden of proof as to any of them, Amazon asserts the following affirmative defenses. Amazon intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and Amazon hereby reserves the right to amend this Answer to assert any such further defenses.

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     The Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff has failed to join all necessary and indispensable parties.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims against Amazon are barred completely or must be reduced in proportion to the fault attributable to such other parties or third parties as are found liable.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims may be governed by the law of another jurisdiction, such as the State of Washington.

## FIFTH AFFIRMATIVE DEFENSE

5.     Any foreseeable and unreasonable risk of personal injury or death that is the subject of this litigation was a risk which Amazon did not create and/or could not reduce or eliminate.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's damages, if any, were proximately caused, in whole or in part, by the acts or omissions of others over whom Amazon had no control or right of control. Said acts or omissions were the superseding and/or sole, direct, and proximate cause of Plaintiff's damages, if any. Those other parties owe Amazon contribution and/or indemnification.

//

//

-2-                    Case No. 24STCV13230

AMAZON'S ANSWER TO PLAINTIFF'S COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Amazon places at issue the negligence, fault, and responsibility, if any, of all persons or entities who contributed in any degree to Plaintiff's alleged injuries, damages, and/or losses in proportion to each persons' or entities' negligence, fault, or responsibility. Amazon does not now know the identity of non-parties that may have contributed to Plaintiff's alleged damages and Amazon reserves the right to identify such non-parties after they become known.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    All or some of Plaintiff's claims may be barred by the doctrines of laches, waiver, and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

9.    Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations or repose.

**TENTH AFFIRMATIVE DEFENSE**

10.    Plaintiff's Complaint and each purported claim for relief therein is barred by res judicata and/or collateral estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    To the extent that Amazon is found liable for any part of Plaintiff's alleged damages, Plaintiff was wholly or partially at fault and any award hereunder must be reduced under the doctrine of comparative fault or contributory negligence.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    Plaintiff's alleged loss, damage, injury, harm, expense, diminution, deprivation, and costs may have been caused in whole or in part by Plaintiff's or another party's failure to exercise reasonable care and to mitigate damages of Plaintiff and/or another party.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    Plaintiff may have received reimbursement or compensation from alternate sources and recovery must be reduced accordingly.

//

//

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    No act or omission on the part of Amazon either caused or contributed to whatever injury or damage Plaintiff may have sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Based on the state of scientific, medical, and technological knowledge existing at the time Plaintiff allegedly used the product at issue in this action, the product was reasonably safe for its normal and foreseeable use at all relevant times. Moreover, the product complied with all applicable industry standards and reflected the current state of the art at the time it was manufactured, sold, and distributed.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Amazon did not owe Plaintiff any duty in law regarding the product at issue, including that Amazon did not owe Plaintiff any duty to warn.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The benefits of the design and composition of the product outweigh the risks, if any, associated with it.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    The injury, damage, or loss, if any, sustained by Plaintiff was caused and/or contributed to by the actions or inactions of persons or entities other than Amazon, over whom Amazon exercised no control including, but not limited to, Plaintiff and/or another party. Entities and/or person(s) other than Amazon, including the unnamed co-defendants, may have misused, abused, altered, and/or improperly maintained, and/or used the product in a manner other than it was intended to be used, and disregarded the warnings, instructions, and directions for the product's use.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, by Plaintiff's voluntary and knowing assumption, either express or implied, of an unreasonable risk of injury and/or damage.

//

-4-                                                    Case No. 24STCV13230

AMAZON'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

20.     All or part of the injuries, damages, and/or losses Plaintiff sustained, if any, may have been a direct and proximate result of a pre-existing condition that Plaintiff incurred prior to the events alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The damages Plaintiff claims were caused or enhanced by superseding or intervening events that occurred after the events described in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Any verdict or judgment rendered against Amazon must be reduced by those amounts that have, or will, reimburse, compensate, or indemnify Plaintiff, in whole or in part, for any past or future claims of economic loss, that come from any collateral source such as insurance, social security, or other benefits programs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     If the product at issue was defective, dangerous, misbranded, and/or mislabeled, Amazon did not know and had no reason to know that that was the case.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Amazon breached no duty it may have owed to Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if Plaintiff is allowed to recover any part of the damages alleged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff may lack capacity or standing to bring this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred, in whole or in part, because the dangers, or potentiality of dangers, existing at the time of Plaintiff's alleged injuries were open and obvious and/or generally known and recognized, including by Plaintiff.

//

//

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.    Plaintiff and/or her agent(s) may have failed to preserve and/or permitted and/or intentionally caused the spoliation of material evidence, including but not limited to the product which Plaintiff alleges gives rise to each and every cause of action in Plaintiff's Complaint. Such conduct would bar Plaintiff's action and/or give rise to liability for damages payable to Amazon.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.    The product at issue in this lawsuit may have contained specific warnings regarding the consequences of its use or instructions regarding the proper administration of its use. Plaintiff and/or other persons or entities may have used the product in disregard of these warnings and/or instructions.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.    The product at issue suffered no manufacturing or design defect and was accompanied by adequate warnings.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.    Amazon owed no warranties implied under the law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.    Amazon made no express or implied representations or warranties of any kind to Plaintiff and disclaimed all warranties in its *Conditions of Use*. To the extent that the alleged representations or warranties were made, they were made by persons or entities other than Amazon.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

33.    Plaintiff did not rely upon any representations or warranties made by Amazon. To the extent Plaintiff relied upon any alleged representations or warranties, such reliance was unjustified and unreasonable.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

34.    Plaintiff's claims against Amazon fail because Amazon did not market sell, retail, facilitate, test, inspect, promote, assemble, produce, manufacture, design, fabricate, or distribute the product, nor did it place the product into the stream of commerce.

//

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35.   Amazon is an improper party to this lawsuit because it had no involvement in the occurrence that gave rise to the Complaint and should be dismissed with prejudice.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.   Plaintiff's claims may be preempted and barred by the Communications Decency Act, 47 U.S.C. § 230.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37.   Amazon reserves the right, upon completion of its investigation and discovery, to amend its answer with additional affirmative defenses as may be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint herein, Amazon requests the following relief:

1.   That Plaintiff takes nothing by reason of the Complaint;

2.   Dismissal of Plaintiff's claims with prejudice;

3.   That Judgment be entered in favor of Amazon;

3.   Amazon's costs of suit, including reasonable attorneys' fees; and

4.   For such other relief as the Court deems just and proper.

DATED:  July 16, 2024

PERKINS COIE LLP

By: _Daniella M. Gutierrez_
Steven K. Hwang
Daniella M. Gutierrez

Attorneys for Defendants
Amazon.com Services LLC and Amazon.com, Inc.

Exhibit L

PERKINS COIE LLP

Steven K. Hwang, Bar No. 216852
SKHwang@perkinscoie.com
Daniella M. Gutierrez, Bar No. 329289
DaniellaGutierrez@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone:    +1.310.788.9900
Facsimile:    +1.310.788.3399

Attorneys for Defendants
Amazon.com Services, LLC and Amazon.com, Inc.

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/16/2024 8:46 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| GABRIELLE WORTMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC; AMAZON.COM; HENKEL CORPORATION, a subsidiary of HENKEL AG & CO. KGaA; DOE SELLER; DOE DISTRIBUTOR; DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 24STCV13230<br><br>**PROOF OF SERVICE**<br><br>Dept:         78<br><br>Action Filed:  May 24, 2024 |

I, Bobbie Howard, declare:

I am a resident of the United States and employed in San Diego, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11452 El Camino Real, Suite 300, San Diego, California 90067.

On July 16, 2024, I served a copy of the following document(s):

**1.    DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

-1-                                   Case No. 24STCV13230

☒     by transmitting via my e-mail address (bhoward@perkinscoie.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Stefano G. Formica
Kellian W. Summers
John H. Kalpakchian
Nuccio Patti
FORMICA LAW GROUP
5900 Wilshire Blvd., Suite 2250
Los Angeles, CA 90036
Tele: (323) 272-3334
Email: sformica@formicalawgroup.com
ksummers@formicalawgroup.com
jkalpakchian@formicalawgroup.com
npatti@formicalawgroup.com

         Attorneys for Plaintiff Gabrielle Wortman

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on July 16, 2024, at San Diego, California.

_____
             Bobbie Howard

Exhibit M

## CASE INFORMATION

Case Information I Register Of Actions I FUTURE HEARINGS I PARTY INFORMATION I Documents Filed I Proceedings Held

**Case Number:** 24STCV13230

GABRIELLE WORTMAN VS AMAZON.COM SERVICES LLC, ET AL.

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 05/24/2024
**Case Type:** Product Liability (not asbestos or toxic/environmental) (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information I Register Of Actions I FUTURE HEARINGS I PARTY INFORMATION I Documents Filed I Proceedings Held

**09/26/2024** at 08:30 AM in Department 78 at 111 North Hill Street, Los Angeles, CA 90012
Order to Show Cause Re: Failure to File Proof of Service

**09/26/2024** at 08:30 AM in Department 78 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information I Register Of Actions I FUTURE HEARINGS I PARTY INFORMATION I Documents Filed I Proceedings Held

AMAZON.COM - Defendant

AMAZON.COM SERVICES LLC - Defendant

DOE DISTRIBUTOR - Defendant

DOE SELLER - Defendant

FORMICA STEFANO G - Attorney for Plaintiff

GUTIERREZ DANIELLA MICHELLE - Attorney for Defendant

HENKEL CORPORATION - Defendant

WORTMAN GABRIELLE - Plaintiff

## DOCUMENTS FILED

Case Information I Register Of Actions I FUTURE HEARINGS I PARTY INFORMATION I Documents Filed I Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**07/16/2024** Proof of Service (not Summons and Complaint)

Filed by AMAZON.COM SERVICES LLC (Defendant); AMAZON.COM (Defendant)

**07/16/2024** Answer

Filed by AMAZON.COM SERVICES LLC (Defendant); AMAZON.COM (Defendant)

**06/25/2024** Notice of Case Reassignment and Order for Plaintiff to Give Notice
Filed by Clerk

**06/20/2024** Proof of Personal Service
Filed by GABRIELLE WORTMAN (Plaintiff)

**06/20/2024** Proof of Personal Service
Filed by GABRIELLE WORTMAN (Plaintiff)

**06/20/2024** Proof of Personal Service
Filed by GABRIELLE WORTMAN (Plaintiff)

**05/29/2024** Summons (on Complaint)
Filed by GABRIELLE WORTMAN (Plaintiff)

**05/29/2024** Order to Show Cause Failure to File Proof of Service
Filed by Clerk

**05/29/2024** Notice of Case Management Conference
Filed by Clerk

**05/24/2024** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**05/24/2024** Alternate Dispute Resolution Packet
Filed by Clerk

**05/24/2024** Civil Case Cover Sheet
Filed by GABRIELLE WORTMAN (Plaintiff)

**05/24/2024** Complaint
Filed by GABRIELLE WORTMAN (Plaintiff)

## PROCEEDINGS HELD

Case Information I Register Of Actions I FUTURE HEARINGS I PARTY INFORMATION I Documents Filed I Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)
None

## REGISTER OF ACTIONS

Case Information I Register Of Actions I FUTURE HEARINGS I PARTY INFORMATION I Documents Filed I Proceedings Held

**07/16/2024** Answer; Filed by: AMAZON.COM SERVICES LLC (Defendant); AMAZON.COM (Defendant)

**07/16/2024** Proof of Service (not Summons and Complaint); Filed by: AMAZON.COM SERVICES LLC (Defendant); AMAZON.COM (Defendant); As to: GABRIELLE WORTMAN (Plaintiff)

**07/05/2024** Case reassigned to Stanley Mosk Courthouse in Department 78 - Hon. Michelle C. Kimeffective 07/05/2024; Reason: Inventory Transfer

**06/25/2024** Notice of Case Reassignment and Order for Plaintiff to Give Notice; Filed by: Clerk

**06/20/2024** Proof of Personal Service; Filed by: GABRIELLE WORTMAN (Plaintiff); As to: AMAZON.COM SERVICES LLC (Defendant); Service Date: 06/18/2024; Service Cost: 75.00; Service Cost Waived: No

**06/20/2024** Proof of Personal Service; Filed by: GABRIELLE WORTMAN (Plaintiff); As to: AMAZON.COM (Defendant); Service Date: 06/18/2024; Service Cost: 75.00; Service Cost Waived: No

**06/20/2024** Proof of Personal Service; Filed by: GABRIELLE WORTMAN (Plaintiff); As to: HENKEL CORPORATION (Defendant); Service Date: 06/18/2024; Service Cost: 183.65; Service Cost Waived: No

**05/29/2024** Summons on Complaint; Issued and Filed by: GABRIELLE WORTMAN (Plaintiff); As to: AMAZON.COM SERVICES LLC (Defendant); AMAZON.COM (Defendant); HENKEL CORPORATION (Defendant) et al.

**05/29/2024** Order to Show Cause Re: Failure to File Proof of Service scheduled for 09/26/2024 at 08:30 AM in Stanley Mosk Courthouse at Department 78

**05/29/2024** Case Management Conference scheduled for 09/26/2024 at 08:30 AM in Stanley Mosk Courthouse at Department 78

**05/29/2024** Notice of Case Management Conference; Filed by: Clerk

**05/29/2024** Order to Show Cause Failure to File Proof of Service; Filed by: Clerk

**05/28/2024** Case assigned to Hon. Jill Feeney in Department 78 Stanley Mosk Courthouse

**05/24/2024** Complaint; Filed by: GABRIELLE WORTMAN (Plaintiff); As to: AMAZON.COM SERVICES LLC (Defendant); AMAZON.COM (Defendant); HENKEL CORPORATION (Defendant) et al.

**05/24/2024** Civil Case Cover Sheet; Filed by: GABRIELLE WORTMAN (Plaintiff); As to: AMAZON.COM SERVICES LLC (Defendant); AMAZON.COM (Defendant); HENKEL CORPORATION (Defendant) et al.

**05/24/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**05/24/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk